980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ezell ARMSTRONG, Plaintiff-Appellant,
v.
CATERPILLAR, INC., Defendant-Appellee.
 No. 92-5750.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 
 
 1
 Plaintiff, Ezell Armstrong, appeals the summary judgment in favor of the defendant, Caterpillar, Inc., in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Additionally, plaintiff requests the appointment of counsel. Defendant seeks damages and double costs pursuant to Fed.R.App.P. 38. The defendant has also filed a motion to strike plaintiff's reply brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The essential facts as found by the district court are as follows: On August 21, 1988, plaintiff was billed $100 for ambulance services provided by the City of Memphis Emergency Medical Service. The bill remained unpaid by plaintiff or his insurance company for almost a year. Because the bill remained unpaid, defendant's facility manager, Gene Widlowski, agreed to advance plaintiff $100 to pay the bill on the condition that plaintiff would endorse the insurance refund check to defendant once the claim was processed. On August 17, 1989, plaintiff signed and dated a statement in a letter also signed by Widlowski that provided in part: "I agree to endorse and turn the check over I receive from the City of Memphis Emergency Medical Service (in the amount of $100)."
 
 
 3
 When plaintiff received the insurance reimbursement, he cashed the check and kept the money. Defendant subsequently discharged plaintiff, stating as its reason the allegedly fraudulent action of plaintiff in failing to reimburse defendant.
 
 
 4
 On October 15, 1990, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that he was discharged because of his race. The EEOC determined that there was no reasonable cause to believe that defendant violated Title VII and issued plaintiff a right to sue letter on July 19, 1991.
 
 
 5
 Plaintiff filed the instant Title VII action on October 8, 1991, alleging retaliatory discharge and race discrimination by defendant. Defendant sought summary judgment on the grounds that plaintiff's retaliation claim was not presented to the EEOC before the filing of the lawsuit, plaintiff failed to establish a prima facie case of discrimination, and plaintiff failed to show that defendant's proffered legitimate, non-discriminatory reason for discharging plaintiff was pretextual.
 
 
 6
 After reviewing the defendant's motion for summary judgment and plaintiff's response, the district court entered summary judgment in favor of defendant. Plaintiff disagrees with the district court's decision and brings this timely appeal.
 
 
 7
 Upon consideration, we conclude that summary judgment was proper. First, defendant was entitled to judgment as a matter of law with respect to plaintiff's retaliation claim because the district court lacked jurisdiction over that claim. No Title VII claim may be brought in federal court unless the prerequisite of administrative investigation has first been met. See Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir.1991). Plaintiff had not adequately exhausted required EEOC procedures with respect to his retaliation claim.
 
 
 8
 Second, plaintiff failed to establish a prima facie case of race discrimination. As explained by the district court, plaintiff produced no facts to establish that the two non-minority employees he identified as not having been discharged were "similarly situated in all respects" or that their conduct was of "comparable seriousness" to the conduct for which he was discharged. See Mitchell v. Toledo Hospital, 964 F.2d 577, 582-83 (6th Cir.1992).
 
 
 9
 The district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. The request for counsel is denied. Defendant's motion to strike plaintiff's reply brief is denied as moot; none of the matters raised improperly in the reply brief has been considered. Defendant's request for damages and double costs is denied.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation